IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| TIARA N. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC. and JOHN DOE,<br><br>　　　　　Defendants. | Civil Action No. 1:22-cv-00033<br><br>*Electronically filed* |

## NOTICE OF REMOVAL

Defendant Facebook, Inc.[1] ("Facebook"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332(a), 1367, 1441, and 1446, files this Notice of Removal of Case No. C-12-CV-21-000726, which was pending in the Circuit Court for Harford County, Maryland.[2] In support of its Notice of Removal, Defendant states as follows:

### INTRODUCTION AND BACKGROUND

1.　　On or about December 2, 2021, Plaintiff Tiara N. Johnson ("Plaintiff") filed a Complaint ("Complaint") in the Circuit Court for Harford County, Maryland, styled as *Tiara N. Johnson v. Facebook Inc.*, Case No. C-12-CV-21-000726. Facebook was served with a copy of Plaintiff's Complaint on December 8, 2021.

2.　　Plaintiff's Complaint asserts seven claims against Facebook for Breach of

---

[1] On October 28, 2021, Facebook, Inc. changed its name to Meta Platforms, Inc. For ease of reference, this Notice refers to Defendant throughout as "Facebook."

[2] Counsel for Defendants specially appear for purposes of this notice of removal. This notice shall not be construed as a general appearance or the consent of Facebook to the jurisdiction of the Court, nor as a waiver of any defenses, including on grounds of lack of personal jurisdiction or improper venue.

Contract, Tortious Interference with Prospective Relations, Federal Trademark Infringement, Federal Unfair Competition, Federal Trademark Dilution, Unfair and Deceptive Trade Practices, and Common Law Trademark and Unfair Competition.

3. Plaintiff's Complaint also asserts one claim of Tortious Interference with Contractual Relations against an unidentified "John Doe."

4. Facebook has not yet responded to Plaintiff's Complaint. The parties have not yet filed or served any other pleadings.

5. Copies of the Complaint and the Summons in the above-entitled action are attached hereto pursuant to Local Rule 103.5 and as required by 28 U.S.C. § 1446(a).

## GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants the U.S. District Courts original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The Federal Trademark Infringement, Federal Unfair Competition, and Federal Trademark Dilution claims in the Plaintiff's complaint arise from Title 15 of the U.S. Code and satisfy the section 1331 requirements.

7. This court has supplemental jurisdiction over Plaintiff's state law claims in this action pursuant to 28 U.S.C. § 1367(a), which grants the U.S. District Courts supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction . . . over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The remaining non-federal claims pled in this action form part of the same case or controversy as Plaintiff's federal law claims, and none of the exemptions outlined in 28

U.S.C. § 1367(c) apply.

8. Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants the U.S. District Courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). This action satisfies all section 1332(a) requirements.

**Federal Question Jurisdiction**

9. This Court has original jurisdiction over this action because Plaintiff's Complaint includes three Counts that present a federal question arising under the laws of the United States. *See* 28 U.S.C. § 1331.

10. Plaintiff's Count IV alleges Federal Trademark Infringement in violation of 15 U.S.C. § 1114, and seeks relief under 15 U.S.C. §§ 1114, 1116, and 1117. (Compl. ¶¶ 39-46).

11. Plaintiff's Count V alleges Federal Unfair Competition in violation of 15 U.S.C. §1125(a), and seeks relief under §§ 1125(a), 1116, and 1117. (Compl. ¶¶ 47-53).

12. Plaintiff's Count VI alleges Federal Trademark Dilution in violation of 15 U.S.C. § 1125(c), and seeks relief under §§ 1125(c), 1116, and 1117. (Compl. ¶¶ 54-58).

13. Additionally, Plaintiff seeks enhanced damages under 15 U.S.C. § 1117(a). (Compl. at p. 11).

14. Accordingly, this matter presents a federal question and removal is appropriate under 28 U.S.C. § 1441(a).

**Supplemental Jurisdiction**

15. This Court has supplemental jurisdiction over Plaintiff's state law claims for Breach of Contract (Compl. ¶¶ 9-22), Tortious Interference with Contractual Relations (Compl.

¶¶ 23-31), Tortious Interference with Prospective Relations (Compl. ¶¶ 32-28), Unfair and Deceptive Trade Practices (Compl. ¶¶ 59-62), and Common Law Trademark and Unfair Competition (Compl. ¶¶ 63-67) because they derive from a common nucleus of operative facts with Plaintiff's federal law claims.  *See* 28 U.S.C. 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

16. Plaintiff alleges that the same conduct—namely, the deletion of her Instagram account and the presence of "imitation accounts" on Instagram—forms the basis of both her federal and state law claims.

17. Accordingly, removal is appropriate under 28 U.S.C. §§ 1441(a) and 1441(c).

**Diversity Jurisdiction**

**Plaintiff and Defendants are citizens of different states**

18. Upon information and belief Plaintiff is a resident of Maryland.  *See* Compl. p. 1 (caption).

19. Facebook is a Delaware corporation, with a principal place of business in Menlo Park, CA.  *See* Declaration of Jenny Pricer in Support of Facebook, Inc.'s Notice of Removal ("Pricer Declaration") at ¶ 2.  Facebook is therefore a citizen of Delaware and California for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

20. Defendant Facebook is not a citizen of Maryland.  *See* Pricer Declaration, ¶ 3; *see also* 28 U.S.C. § 1441(b)(2) (prohibiting removal under 28 U.S.C. 1332(b) where any of the defendants in the action are citizens of the State in which the action is brought).

21. Defendant John Doe is sued under a fictitious name, and for the purpose of

removal on the basis of diversity of citizenship, "defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

22. Accordingly, diversity of citizenship exists between the parties.

**The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

23. The amount in controversy in this civil action exceeds the sum or value of $75,000, exclusive of interest and costs.

24. Counts I and III of the Complaint, Plaintiff's Breach of Contract and Tortious Interference with Prospective Relations claims, demand "judgment against Facebook Inc. in the amount of seventy-five thousand dollars plus interests and costs." (Compl. ¶¶ 22, 38).

25. Counts IV, V, and VI, Plaintiff's Federal Trademark Infringement, Federal Unfair Competition, and Federal Trademark Dilution claims, demand "injunctive relief and to recover Facebook's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees." (Compl. ¶¶ 46, 53, 58).

26. Count VII, Plaintiff's Unfair and Deceptive Trade Practices claim, demands "injunctive relief and to recover damages, and if appropriate, punitive damages, costs, and reasonable attorney's fees." (Compl. ¶ 62).

27. Count VIII, Plaintiff's Common Law Trademark and Unfair Competition claim, demands "injunctive relief," "an accounting of Facebook['s] profits," "damages," "costs," and "punitive damages." (Compl. ¶ 67).

28. Plaintiff demands that "the damages awarded be trebled and the award of Facebook's profits be enhanced as provided for by 15 U.S.C. § 1117(a)." (Compl. at p. 11).

29. Taking the relief sought by Plaintiff for all the claims in the Complaint into account, the amount in controversy exceeds $75,000.00, satisfying the statutory requirement of

28 U.S.C. § 1332(a).

30. Accordingly, removal is appropriate under § 1441(b).

## NO NEED FOR CONSENT TO REMOVAL

31. Consent to removal is not required of any other defendants.

32. Consent is not required for removal based on Federal Question Jurisdiction under 28 U.S.C. § 1331.

33. Consent is not required here for removal based on the Diversity of Citizenship because the only other defendant, John Doe, has not been properly joined and served. *See* 28 U.S.C. § 1446(b)(2)(A).

## TIMELINESS

34. This notice of removal is being filed within 30 days of December 8, 2021, the date on which Defendants were served with Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

## VENUE FOR REMOVAL

35. Because this action is brought in Circuit Court for Harford County, Maryland, venue for purposes of removal is proper in this Court under 28 U.S.C. § 100(1) as this District embraces Harford County, Maryland, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).[3]

---

[3] However, as noted above (n.2 *supra*), this Notice should not be construed as a waiver of a defense of improper venue.

## NOTICE OF FILING OF NOTICE OF REMOVAL

36. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice to counsel of record for Plaintiffs and will promptly file a copy of this Notice of Removal with the Circuit Court of Harford County, Maryland.

## CONCLUSION

37. Based upon the foregoing, all requirements for diversity and removal jurisdiction have been met.

WHEREFORE, Defendant Facebook removes this action to this Court for all future proceedings.

Dated: January 6, 2022

/s/ Justine Deitz
Jonathan A. Direnfeld, Md. Bar # 28859
Justine Deitz, Md. Bar # 20934
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: 202-339-8400
Fax: 202-339-8500
jdirenfeld@orrick.com
justine.deitz@orrick.com

*Attorneys for Defendant Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

I, Justine Deitz, an attorney, do hereby certify that on this January 6, 2022, I have caused a true and correct copy of the foregoing NOTICE OF REMOVAL, to be filed through the Court's CM/ECF system, and will serve the below Counsel of Record via U.S. mail, first-class, postage-prepaid:

    Jimi Kolawole
    Kolawole Law Firm LLC
    7517 Cedar Grove Lane
    Elkridge, MD 21075
    (443) 546-8146
    oakolawole@justklf.com

    /s/ Justine Deitz