IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIARA N. JOHNSON, | * | |
| Plaintiff. | * | |
| v. | * | |
| | * | Civil Action No. 22-cv-00033-RDB |
| META PLATFORMS, INC. and JOHN DOE, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER ON MOTION TO DISMISS

Defendant Meta Platforms, Inc. ("Meta") has filed this Motion to Dismiss or, in the Alternative, to Transfer Venue, in response to Plaintiff Tiara Johnson's ("Ms. Johnson's") Amended Complaint. (Mem. Supp. Mot. to Dismiss, ECF No. 32-1.) Meta asserts that dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) as this Court lacks personal jurisdiction over Meta, and because Ms. Johnson has failed to state a claim upon which relief may be granted. (*Id.* at 5–25.) Most significantly, Meta points out that the parties have agreed to a valid forum selection clause in Instagram's Terms of Use,[1] under which the parties agree to litigate in the United States District Court for the Northern District of California. (*Id.* at 26–28.) In response, Ms. Johnson avers that the arbitration clause in Instagram's Terms of Use should prevail and asks this Court to stay this action and compel the parties to arbitrate. (Mem. Supp. Resp. Opp'n to Mot. ¶¶ 72–82, ECF No. 33-1.) For the foregoing reasons, Meta's

---

[1] Instagram is a social networking service owned and operated by Meta.

1

Motion to Dismiss or, in the Alternative, to Transfer Venue (ECF No. 32) is **DENIED** as to dismissal but **GRANTED** as to transfer. This case will be transferred to the United States District Court for the Northern District of California.

## BACKGROUND

Meta is the owner and operator of Instagram, a social media platform with over one billion worldwide users. (*See* Resp. to Mot. 1; *Instagram Statistics and Trends*, DATAREPORTAL (Aug. 15, 2022), https://datareportal.com/essential-instagram-stats.) Ms. Johnson has been an Instagram user since 2011 and is a resident of Harford County, Maryland. (First Am. Compl. ¶¶ 1, 21, ECF No. 21.) Through her verified account (@LICKMYKAKEZ), Ms. Johnson has gained over 2.8 million followers and runs a successful business selling "adult toys" and "products." (*Id.* ¶¶ 1, 14.) Ms. Johnson alleges that Instagram disabled her account on or about July 1, 2021, thereby disrupting her ability to transact her business and breaching its obligations under the Instagram Terms of Use (the "Terms"). (*Id.* ¶¶ 23, 29.) The Plaintiff claims that her efforts to reactivate her account through Instagram's Help Center failed, and that Meta failed to timely and adequately respond to her requests. (*Id.* ¶ 30.)

Ms. Johnson further asserts that her account was suspended after a John Doe was paid to "bring her account down." (*Id.* ¶ 31.) Ms. Johnson contends that the John Doe demanded that she pay $3,000 and promised to reactivate her account if the ransom was paid. (*Id.* ¶ 32.) Ms. Johnson allegedly paid the $3,000 ransom, but never heard from this individual again. (*Id.*) Thereafter, Ms. Johnson alleges that Facebook has permitted "false and imitation accounts" asserting to be Ms. Johnson to violate her trademark. (*Id.* ¶¶ 33–34.)

On December 2, 2021, Ms. Johnson filed suit against Meta in the Circuit Court of Maryland for Harford County. (Mem. Supp. Mot. to Dismiss 1; Notice of Removal 1, ECF No. 1.) The state action was removed to this Court on January 6, 2022, under 28 U.S.C. §§ 1331, 1332, and 1367. (Notice of Removal 1.) Ms. Johnson filed the operative First Amended Complaint in this Court on February 10, 2022, asserting four counts against Meta: breach of contract (Count I); tortious interference with prospective relations (Count III); two counts of trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114–1117 (Count IV); and unfair competition (Count V).[2] (First Am. Compl. ¶¶ 20–34, 44–54, 55–65, 66–72.) In response to Ms. Johnson's complaint, on March 10, 2022, Meta filed the instant Motion to Dismiss or, in the Alternative, to Transfer Venue (ECF No. 32).

The motion is ripe for review.

## ANALYSIS

Meta asserts in its motion that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (6). To survive a challenge under Rule 12(b)(2), a plaintiff must demonstrate that the defendant is subject to the jurisdiction of the forum wherein the case was filed. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (explaining that "to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment" (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*,

---

[2] Ms. Johnson also brings a claim of tortious interference with contractual relations, but this count (Count II) is only alleged against John Doe. (First Am. Compl. ¶¶ 35–43.)

259 F.3d 209, 215 (4th Cir.2001))). "'[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

In the alternative, Meta requests that this Court transfer this case to the United States District Court for the Northern District of California pursuant to Instagram's Terms of Use (the "Terms"). Forum-selection clauses in this jurisdiction and throughout the country "are presumptively enforceable." *Secure Fin. Serv., Inc. v. Popular Leasing USA, Inc.*, 391 Md. 274, 282 (2006). The United States Supreme Court has made clear that where "the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tx.*, 571 U.S. 49, 62 (2013). When such a clause has been assented to, the court "should not consider arguments about the parties' private interests," such as the plaintiff's choice of forum and convenience of the parties, that would otherwise be considered under § 1404(a). *Id.* at 64. The plaintiff bears the burden of showing why the court should not transfer the case pursuant to the forum-selection clause, and a court will only decline to transfer a matter under "extraordinary circumstances unrelated to the convenience of the parties." *Id.* at 62. For the reasons outlined below, this Court need not address the merits of Meta's arguments for dismissal pursuant to the Federal Rules of Civil Procedure but will instead transfer this matter to the United States District Court for the Northern District of California, consistent with the forum selection clause in Instagram's Terms of Use.

As the Supreme Court articulated in *Atlantic Marine*, where a contract contains a valid forum selection clause, district courts should transfer cases to the selected venue absent extraordinary circumstances. *Id.* at 62, 64. The forum selection clause in Instagram's Terms is presumed valid. *See, e.g., id.* at 62 n.5; *Secure Fin. Serv.*, 391 Md. at 282; *see also Oeste v. Zynga, Inc.*, No. CV GLR-20-1566, 2021 WL 1785139, at *3 n.3 (D. Md. May 5, 2021) (enforcing forum-selection clause published online in Zynga's terms of service). The burden is on Ms. Johnson to challenge the forum selection clause and demonstrate why it should not be enforced. *Bae Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 471 (4th Cir. 2018).

In the instant case, Ms. Johnson provides no reasons why the forum selection clause is invalid, nor has she pointed to any extraordinary circumstances demonstrating why a transfer should not be granted. Instead, in her response, Ms. Johnson requests that this Court stay proceedings and compel arbitration. Like forum selection clauses, arbitration clauses are presumptively valid and enforceable. *Cain v. Midland Funding, LLC*, 452 Md. 141, 152–53 (2017) (citing the Federal Arbitration Act, 9 U.S.C. § 2). Under Instagram's Terms of Use, Ms. Johnson had the choice of arbitrating this matter or resolving it through litigation. In pertinent part, Instagram's Terms state:

> ARBITRATION NOTICE: YOU AGREE THAT DISPUTES BETWEEN YOU AND US WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AND YOU WAIVE YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR CLASS-WIDE ARBITRATION. WE EXPLAIN SOME EXCEPTIONS AND HOW YOU CAN OPT OUT OF ARBITRATION BELOW.

(Terms of Use 1, ECF No. 7-1.) Among the enumerated exceptions, parties may decline to pursue this alternative dispute resolution process and instead proceed to court if the "dispute[]

5

relate[s] to intellectual property (like copyrights and trademarks)." (*Id.* at 8.) As this dispute relates to intellectual property, Ms. Johnson was authorized under the Terms to proceed with litigation. However, Instagram's Terms also stipulate that if a party proceeds with litigation, the matter "will be resolved exclusively in the U.S. District Court for the Northern District of California." (*Id.* at 9.) As Ms. Johnson raises no compelling argument this forum selection clause is invalid, this Court concludes that transfer is the appropriate remedy in this case.

This Court will defer the question of whether this matter should be stayed and whether arbitration ought to be compelled to the United States District Court for the Northern District of California. This is a matter of state law that will ultimately be decided by the California court. *See, e.g.*, *Cain*, 452 Md. at 153–54 (citing *Perry v. Thomas*, 482 U.S. 483, 492–93 n.9 (1987) for the proposition that questions surrounding arbitration clauses are questions of state contract law). As this Court has previously noted, "[t]he question whether [to uphold an arbitration clause and compel arbitration] is governed by state law." *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 849 (D. Md. 2013) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009)). To respect the contractual agreement between the parties in the forum selection clause, this Court also declines to address Meta's arguments for dismissal under the Federal Rules of Civil Procedure. Accordingly, Defendant Meta Platforms, Inc.'s Motion to Dismiss, or in the Alternative, to Transfer Venue (ECF No. 32) is **DENIED** as to dismissal, but **GRANTED** as to transfer of venue. This case will be transferred to the United States District Court for the Northern District of California as assented to by the parties.

## CONCLUSION

Accordingly, for the reasons stated above, it is hereby **ORDERED** this 3rd day of October, 2022, that:

1. Defendant Meta Platforms, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer Venue (ECF No. 32) is **DENIED** as to dismissal, but **GRANTED** as to transfer;

2. This matter is transferred to the United States District Court for the Northern District of California; and

3. The Clerk of the Court shall send copies of this Memorandum Order to the parties.

4. The Clerk of the Court shall **CLOSE** this case.

_____/s/_____
Richard D. Bennett
United States District Judge